UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUNSWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 9222 |
| | ) | |
| JON THORSELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the motion of Defendant Jon Thorsell ("Thorsell") to dismiss the complaint brought by Plaintiff Brunswick Corporation ("Brunswick") pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons set forth below, the motion to dismiss, or in the alternative, to transfer the case to the United States District Court for the Central District of California, Western Division is denied.

## BACKGROUND

The following well-pleaded allegations are derived from Brunswick's complaint, and the Court accepts them as true for the purposes of the instant motion. Brunswick is headquartered and has its principal place of business in Illinois.

1

Thorsell is a California resident who worked for Life Fitness, a division of Brunswick, between 1983 and 1991, and then from 1996 until November 20, 2013. His last position at Life Fitness before termination was as Vice President of Sales-Western Region, which included Illinois. During the entire time Thorsell worked for Life Fitness, he maintained an office out of his home in San Clemente, California and only traveled to Illinois for business purposes. In his position, Thorsell was privy to confidential and proprietary information about Life Fitness.

On May 29, 1998, Thorsell signed a non-compete and confidentiality agreement (the "Non-Compete Agreement") restricting his work with a competitor for no more than twenty-four months. He also agreed to an Illinois choice-of-law provision and acknowledged that "the Company's headquarters and principal place of business is located [in] Illinois and that harm to the Company that results from any violation of this Agreement will occur [in] Illinois, and, therefore, the State of Illinois has a legitimate interest in the Company's rights protected by this Agreement." Finally, Thorsell agreed not to disclose Life Fitness's trade secrets or confidential information to any third party, both during and after his employment.

After an investigation in October 2013, Brunswick discovered that Thorsell had been providing at least one hotel customer with significant product discounts in exchange for hundreds of thousands of dollars, which is a direct violation of Life Fitness's policies. Thorsell had been disciplined for similar activity in 2004. To obtain this credit, the quotations had to have gone through Life Fitness's headquarters,

where the equipment would then be ordered, and manufactured in Illinois and Minnesota. On November 20, 2013, Brunswick terminated Thorsell.

At the time the complaint was filed, the laptop was still in Thorsell's possession. In its response, Brunswick provides supplemental facts which include that after receiving and investigating the contents of the laptop, Life Fitness discovered signs of data destruction, including: (i) missing documents which should be on the laptop; (ii) a synched hard drive linked to an Apple desktop computer (Thorsell owns an Apple desktop computer); (iii) six hidden files created by an Apple Mac computer; (iv) an empty hard drive where user settings, files, history, and generally-found artifacts are usually found; and (v) no deleted files suggesting that the files were wiped. On December 23, 2013, over 1,500 files were deleted and their file names stripped while the laptop was powered off. All this new evidence suggests to Brunswick that Thorsell has Life Fitness's trade secrets and confidential information in his possession and may be sharing it with his new employer.

On December 26, 2013 Brunswick filed a complaint against Thorsell for: (i) breach of fiduciary duty (Count I); (ii) breach of the Non-Compete Agreement (Count II); and a violation of the Illinois Uniform Trade Secret Act, 765 ILCS § 1065/1 (Count III). Brunswick seeks injunctive relief, monetary damages, and punitive damages, plus costs and expenses.

On January 23, 2014, Thorsell moved to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391, or

in the alternative, to transfer the case to the United States District Court for the Central District of California, Western Division.

## LEGAL STANDARD

Rule 12(b)(3) provides that a party may move to dismiss an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing proper venue. *See Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F. 2d 215, 222 (7th Cir. 1981). When ruling on a 12(b)(3) motion, the Court must take the allegations in the complaint as true unless they are contradicted by affidavits, draw all reasonable inferences in favor of the plaintiff, and resolve factual disputes in the plaintiff's favor. *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). If venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a).

## DISCUSSION

**I. Motion to Dismiss Under 12(b)(3)**

Thorsell first argues that this Court should dismiss Brunswick's complaint under 12(b)(3) because it fails to provide a proper basis for venue in the Northern District of Illinois under 28 U.S.C § 1391(b)(2). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). California would clearly be the proper venue under section (1) since that is where Thorsell resides, and because there is a proper judicial district section (3) is inapplicable in this case. What is in contention is the proper venue under section (2).

Brunswick contends that its well-pleaded facts in the complaint, as well as supporting declarations, establish that venue is proper in this district under Section 1391(b)(2) because a substantial portion of the events giving rise to each count occurred here, and these events were part of the historical predicate of the lawsuit. *See Continental Cas. Co. v. American Nat. Insurance Co.*, 417 F.3d 727, 733 (7th Cir. 2005) ("Under Rule 12(b)(3), the district court was not obligated to limit its consideration to the pleadings nor convert the motion to one for summary judgment."). Indeed, the issue before this Court is just that: whether Brunswick has proven that a substantial portion of the events giving rise to its claims occurred in this district.

The test for determining whether venue is proper under Section 1391(b)(2) is "not whether a majority of the activities pertaining to the case were performed in a

particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district. *Peregrine Fin. Group Inc. v. Green*, 01 C 2948, 2001 WL 1548965 (N.D. Ill. Sept. 5, 2001) (quoting *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998)). To meet the substantial portion test, the events or omissions must have more than "some tangential connection" to the chosen venue. *Mercantile Capital Partners v. Agenzia Sports, Inc.*, 04 C 5571, 2005 WL 351926 (N.D. Ill. Feb. 10, 2005). Also, to be "substantial," the events in this district "must be a part of the historical predicate of the claim." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp.2d 829, 834 (N.D. Ill. 2004). After review of all claims and authority, this Court finds that venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to Brunswick's causes of action occurred in Illinois.

### A. Count I

Count I alleges that Thorsell breached his fiduciary duty by interfering with and usurping Life Fitness's business opportunities. Focusing on the well-pleaded facts, venue is clearly proper in this district. Although the hundreds of thousands of dollars worth of hotel credits were not usable in this district, at some point these quotations would have had to go through Life Fitness's headquarters, where the equipment would then be ordered, manufactured in, and shipped from Illinois. Thorsell, as a veteran employee of Life Fitness, relied on his extensive knowledge of Life Fitness's confidential information when he provided the Hawaiian hotel with significant

6

discounts. He also had extensive history in Illinois as evidenced by the fact that Illinois was one of his sales territories, he regularly attended meetings in Illinois, and he participated in weekly and monthly phone calls with employees at Life Fitness's headquarters located in Illinois. These interactions in Illinois are not merely incidental to the alleged wrongful acts. They establish a historical predicate for the claim. As duty and breach of the duty are essential elements of Count I, Thorsell's fiduciary duties may have been physically breached outside of Illinois, but the duties themselves originated in Illinois, which forms the basis for Brunswick's breach of fiduciary duty claim.

### B. Count II & III

With respect to Count II, Brunswick claims that Thorsell breached the Non-Compete Agreement for the following reasons: (i) by obtaining employment with Star Trac (Brunswick's direct competitor); (ii) disclosing trade secrets to Star Trac; and (iii) failing to return his company-issued laptop. Count III alleges similar allegations in violation of the Illinois Uniform Trade Secret Act. For a breach of contract claim, to determine whether a substantial part of the events occurred in a specific judicial district, a court should look to: (i) where the contract was negotiated or executed; (ii) where the contract was to be performed; and (iii) where the alleged breach occurred. *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 917 (N.D. Ill. 2010) (citation and quotation marks omitted).

As to the first factor for a breach of contract claim, Thorsell specifically traveled to Illinois to negotiate his Non-Compete Agreement when Brunswick acquired Life Fitness. On May 29, 1998, Thorsell signed the Non-Compete Agreement, where he acknowledged that Brunswick's headquarters and primary place of business were in Illinois, and that Illinois had a legitimate interest in the company's rights. Not only was the contract negotiated in Illinois, but Thorsell specifically agreed that any dispute would be governed by Illinois law. Since Brunswick is a national corporation, it is expected that Thorsell's Non-Compete Agreement was to be performed in various states, but Illinois, specifically, was one of Thorsell's sales territories, satisfying the second factor. For the third factor, where the alleged breach occurred, it is true that Thorsell lived in California at the time he physically breached the Non-Compete Agreement, but Brunswick also claims that Thorsell breached the Non-Compete Agreement by disclosing trade secrets to Star Trac and failing to return his laptop. The trade secrets which Thorsell allegedly misappropriated in violation of his Non-Compete Agreement directly harm Brunswick, as an Illinois corporation with its headquarters and primary place of business in this district. Indeed, Thorsell is correct that alone, the district where Brunswick experienced its economic injury would not be enough to establish venue. *See MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 919 (N.D. Ill. 2010) (stating that ". . . economic harm in Illinois by virtue of [Plaintiff] being situated here, does not mean that venue is proper in this district."). However, the fact that Brunswick suffered its economic harm in Illinois,

together with the other concrete Illinois connections that Brunswick provides, convinces this Court that Illinois is the appropriate venue in this case.

As to Thorsell's laptop use in California and alleged violation of trade secrets, technology allows the free-flowing exchange of confidential information across state lines. This can present a unique challenge for venue purposes. Thorsell's laptop was issued by an Illinois corporation and returned to Illinois after his employment was terminated. The confidential information allegedly taken from the laptop could essentially be anywhere, and therefore, this Court presently rejects Thorsell's argument that Brunswick fails to allege a single instance of actual or threatened utilization of secrets occurring inside this judicial district. Like the other declaration provided by Brunswick, at this point in time, the Court takes Jesse Strittmater's declaration, which states that evidence of data destruction exists on Thorsell's laptop, as true. This Court does recognize that some of the alleged activity occurred in California and Hawaii, including the location where Thorsell primarily used his laptop, but Brunswick has satisfied its burden of demonstrating that venue is proper by setting forth facts which demonstrate a substantial connection to this district.

**II. Motion to Transfer Venue Under 28 U.S.C. § 1406**

Thorsell alternatively argues that this Court should transfer the case to the Central District of California, Western Division "under application of 28 U.S.C. § 1391" and 28 U.S.C. § 1406. Since Thorsell clarifies in his reply brief that he does not seeks a transfer under 28 U.S.C. § 1404, the Court will refrain from discussing it,

9

and focus on 28 U.S.C. § 1406. Simply put, 28 U.S.C. § 1406 "provides that, if venue is improper, the Court has the option to dismiss or transfer the suit to a district in which the plaintiff could have filed it initially." *Allstate Ins. Co. v. Regions Bank*, 13 C 5140, 2014 WL 440253 (N.D. Ill. Feb. 4, 2014).

As this Court has established in Part I, *supra*, a substantial portion of the events that give rise to Brunswick's claims took place in the Northern District of Illinois. Thus, because venue is proper here pursuant to Section 1391(b)(2), Thorsell's alternative request to transfer venue is denied.

## CONCLUSION

For the foregoing reasons, Thorsell's motion to dismiss, or in the alternative, to transfer the case to the United States District Court for the Central District of California, Western Division is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: 4/21/14